UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x
NEPTALI PERALTA and EDWIN CABRERA PATINA
on behalf of themselves,

    Plaintiffs

 v.

SAGGIO RESTAURANT, INC., THE UPTOWN GARRISON,
INC., and KALKIN NARVILAS, and PEDRO NARVILAS,
jointly and severally,

    Defendants.
--------------------------------------------------------------------------------x

No.: 21-cv-606

**PLAINTIFFS' COMPLAINT**

**WITH JURY DEMAND**

  Plaintiff NEPTALI PERALTA (hereinafter "Plaintiff Peralta") and EDWIN CABRERA PATINA (hereinafter "Plaintiff Patina") (jointly, "Plaintiffs"), on behalf of themselves, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

**NATURE OF THE ACTION**

This lawsuit seeks to recover unpaid minimum wage, overtime and statutory penalties for notice-and-recordkeeping violations for Plaintiffs and all others similarly situated. Plaintiffs were hourly employee working at Defendants' restaurant, corporately owned SAGGIO RESTAURANT, INC. (hereinafter "Saggio Restaurant"), located 827 W 181st Street, New York, NY 10033. Plaintiffs also bring this claim against THE UPTOWN GARRISON INC. (hereinafter "The Uptown Garrison"), located at 821 W 181st Street, New York, NY 10033, a restaurant owned and operated by Individual Defendants, infra, which, along with Saggio Restaurant, operates as a single integrated enterprise, subject to common management and ownership (hereafter "Defendant Restaurants"). Plaintiffs also bring claims against their supervisors, owners and managers KALKIN NARVILAS and PEDRO NARVILAS (hereinafter "Individual Defendants").

1

1. Defendants have deprived Plaintiffs and their co-workers of overtime pay since at least on or about January 6, 2018, in violation of the Fair Labor Standards Act ("FLSA").

2. Defendants have deprived Plaintiffs of overtime pay since January 6, 2015, in violation of the New York Labor Law ("NYLL").

3. Defendants have violated notice-and-recordkeeping requirements by failing to provide statements along with wages listing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, gross wages, deductions, allowances, if any, claimed as part of the net wages. Defendants have further violated the requirement that they provide, upon employee request, explanations of how wages were calculated in violation of NYLL §195(3).

4. Defendants have violated notice-and-recordkeeping requirements by failing to provide employees with wage notices as required on February 1 of every year in violation of NYLL § 195(1).

5. Plaintiffs bring this action on behalf of themselves.

6. Plaintiff Peralta also brings an individual claim of disability and national origin/perceived immigration status discrimination under the local discrimination law. Specifically, this lawsuit seeks to recover damages to Plaintiff Peralta individually from Defendants' discrimination, wherein Defendants unlawfully terminated his employment on account of his perceived disability, and subjected him to disparate work rules due to his perceived immigration status/nationality .

**JURISDICTION AND VENUE**

7. Jurisdiction is proper as this Court has original federal question jurisdiction under 28 U.S.C. § 1331 since this case is brought under the FLSA, 29 U.S.C. §§201, *et seq.* This Court

has supplemental jurisdiction over the NYLL claims, as they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

8. As stated below Defendant Restaurants are an employer engaged in commerce as defined in the FLSA, 29 U.S.C. §203(s).

9. Defendant Restaurants are subject to personal jurisdiction in the State of New York since it is located in New York County, State of New York.

10. Venue is proper in this District because Defendants conduct business in this Judicial District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

### PLAINTIFFS

11. Plaintiff Neptali Peralta is an adult individual who is a resident of Queens County, State of New York.

12. Plaintiff Peralta was employed as a Cook by Defendants from on or about March 3, 2016 to on or about June 13, 2018.

13. As a Cook at Defendant Restaurants' Saggio location, Plaintiff Peralta was a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

14. Plaintiff Peralta is a person who at all times was perceived by Defendants as a non-US citizen.

15. Plaintiff Edwin Cabrera Patina is an adult individual who is a resident of New York County, State of New York.

16. Plaintiff Patina was employed as a driver and busboy by Defendants from on or about May 27, 2016 to on or about the first week of March 2020.

17. As a driver and busboy at Defendant Restaurants' Saggio location, Plaintiff Patina was a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

18. Plaintiff Patina is a person who at all times was perceived by Defendants as a non-US citizen.

## DEFENDANTS

19. Defendant Saggio Restaurant, Inc. is a New York Corporation doing business as Saggio Restaurant located at 827 W 181st Street, New York, New York 10033.

20. Defendant The Uptown Garrison, Inc. is a New York Corporation doing business as The Uptown Garrison located at 821 W 181st Street, New York, New York 10033.

21. Defendant Restaurants are part of a single integrated enterprise that jointly employed plaintiffs at all times relevant to this complaint, as the Defendants are engaged in activities performed for a common business purpose as defined by FLSA, 29 U.S.C. § 203(r).

22. Specifically, Defendant Restaurants are subject to common ownership and control by Individual Defendants and have jointly handled various aspects of their business, including a common employee schedule whereby some employees work a single schedule at both locations.

23. Defendant Kalkin Narvilas (hereinafter "Defendant K. Narvilas"), on information and belief is a resident of New York County, New York. Defendant K. Narvilas, who at all times relevant to this complaint has been the owner/operator of Defendant Restaurants, has exercised control over Plaintiffs' schedule, pay, and working conditions and exercised the right to hire and fire Plaintiffs.

24. Defendant Pedro Narvilas (hereinafter "Defendant P. Narvilas"), on information and belief is a resident of New York County, New York. Defendant P. Narvilas, who at all times relevant to this complaint has been the owner/operator of Defendant Restaurants has exercised control over Plaintiffs' schedule, pay, and working conditions and exercised the right to hire and fire Plaintiff. Defendants jointly employed Plaintiffs at all times relevant to this complaint, as the Defendants are a single integrated enterprise engaged in activities performed for a common business purpose as defined by FLSA 29 U.S.C § 203(r).

25. Each Defendant jointly and severally employed Plaintiffs at all times relevant to this complaint at their restaurant location. Each Defendant has had, individually and jointly, substantial control over Plaintiffs' wages, hours and working conditions.

26. Reference to Defendants throughout this complaint is to all named Defendants unless a particular Defendant is specifically named.

27. Upon information and belief, based on information provided by Plaintiffs, employees of defendants, Defendant Restaurants are an enterprise whose annual gross volume of sales made, or business done, is in excess of $500,000. Specifically, Defendant Restaurants are popular in Manhattan's Hudson Heights neighborhood offering dinner weeknights from 4 to 10 pm and brunch and dinner on weekends from 12 noon to 10 pm as well as delivery and catering services. Defendant Restaurants employ more than twenty workers at any given time. As such, based on Plaintiffs' personal knowledge of Defendants' business, as well as upon information and belief, Defendants are an enterprise engaged in commerce as defined by 29 U.S.C. §203.

28. Defendant Restaurants regularly conduct interstate business. Specifically, Defendant Restaurants regularly accept credit card payments debiting funds from out-of-state bank

accounts. In addition, many of the staples served at Defendant Restaurants include products grown or produced out of state such as olives, cheeses, tomatoes, and pasta.

29. Defendants are covered employers within the meaning of the 29 U.S.C. §203(d) and NYLL §190.

30. Defendants have had control over all employment practices at Defendant Restaurants including wages, scheduling and the hiring and firing of employees.

### Individual Wage Allegations

**Plaintiff Peralta**

31. Plaintiff Peralta was hired by owner/operator Defendant K. Narvilas who assigned him his hours and told him that his weekly pay would be $950.00.

32. At all times Plaintiff reported directly to owner/operator Defendant K. Narvilas and owner/operator Defendant P. Narvilas.

33. In the period from on or about March 3, 2016 to on or about June 13, 2018 Plaintiff Peralta worked from 12 pm to 10 pm Monday through Saturday.

34. Thus, in the period from on or about March 3, 2016 to on or about June 13, 2018 Plaintiff Peralta worked sixty (60) hours per week over the course of six days per week and was paid $950.00 for a straight time rate of $15.83 per hour.

35. Plaintiff Peralta was paid weekly by a check in the amount of $450.00 (gross pay) and cash in the amount of $500.00.

36. The weekly checks did not set out any hours worked or hourly rate but just stated the sum of $450.00.

37. Thus, at all times relevant, Defendants failed to provide Plaintiff with accurate wage statements or explanations of how their wages were calculated in violation of NYLL § 195(3).

38. Specifically, Defendants provided Plaintiff Peralta with purported wage statements that inaccurately listed 0 hours worked.

39. Further, Defendants at various times required Plaintiff Peralta to sign blank forms with blanks listed for number of hours. Later, Plaintiff Peralta viewed the sheets that had been incorrectly filled-in after he had written his signature on the blank sheets.

40. When Plaintiff Peralta confronted a manager about this practice he was told, "Don't worry the owner just needs these for his records."

41. At all times relevant, Defendants failed to provide Plaintiff with wage notices as required on February 1 of every year in violation of NYLL § 195(1).

42. At all times relevant, Defendants failed to pay Plaintiff at the overtime rate for all hours in excess of forty (40) hours per workweek, in violation of the overtime provisions of FLSA, 29 U.S.C. § 207 and NYLL §§650 *et seq.* and regulations promulgated thereunder.

43. At the time of his hiring, Plaintiff inquired about overtime pay and was told by Defendant K. Narvilas that he would not be offered overtime pay because he received a "weekly salary."

44. Additionally, at all times relevant, Defendants failed to provide Plaintiff with adequate meal breaks in violation of NYLL §§162 *et seq.*

45. In fact, at no time was Plaintiff given breaks of any kind.

46. When Plaintiff and other employees requested breaks, days off, or sick days, they were told by Defendant K. Narvilas that they "don't have the same rights as Americans[…]."

37. Thus, at all times relevant, Defendants failed to provide Plaintiff with accurate wage statements or explanations of how their wages were calculated in violation of NYLL § 195(3).

38. Specifically, Defendants provided Plaintiff Peralta with purported wage statements that inaccurately listed 0 hours worked.

39. Further, Defendants at various times required Plaintiff Peralta to sign blank forms with blanks listed for number of hours. Later, Plaintiff Peralta viewed the sheets that had been incorrectly filled-in after he had written his signature on the blank sheets.

40. When Plaintiff Peralta confronted a manager about this practice he was told, "Don't worry the owner just needs these for his records."

41. At all times relevant, Defendants failed to provide Plaintiff with wage notices as required on February 1 of every year in violation of NYLL § 195(1).

42. At all times relevant, Defendants failed to pay Plaintiff at the overtime rate for all hours in excess of forty (40) hours per workweek, in violation of the overtime provisions of FLSA, 29 U.S.C. § 207 and NYLL §§650 *et seq.* and regulations promulgated thereunder.

43. At the time of his hiring, Plaintiff inquired about overtime pay and was told by Defendant K. Narvilas that he would not be offered overtime pay because he received a "weekly salary."

44. Additionally, at all times relevant, Defendants failed to provide Plaintiff with adequate meal breaks in violation of NYLL §§162 *et seq.*

45. In fact, at no time was Plaintiff given breaks of any kind.

46. When Plaintiff and other employees requested breaks, days off, or sick days, they were told by Defendant K. Narvilas that they "don't have the same rights as Americans[…]."

**Plaintiff Patina**

47.     Plaintiff Patina was hired by Defendants on or about May 27, 2016 as a bicycle delivery person at Saggio.

48.     In the period from on or about May 27, 2016 to on or about March 2020, Plaintiff Patina ordinarily worked 3 hours a day, six days a week and was paid approximately $23.00 per day in cash for a straight time rate if approximately $7.66 per hour.

49.     At some point his day rate was raised to $30 per day in cash for a straight time rate of approximately $10.00 per hour.

50.     At various times Plaintiff Patina worked in excess of three hours daily, including seven hours or more and he was paid at a rate of ten dollars ($10) an hour for all hours worked doing deliveries.

51.     Moreover, inasmuch as Defendants purported to treat Plaintiff Patina as a worker subject to the tip credit, he did not receive the requisite notice and Defendants did not keep the requisite record of his tips.

52.     In the period from on or about January 1, 2017 to in or about March 2020 Plaintiff Patina was hired on as a busboy on Saturdays at a flat rate of $20 per day, regardless of the number of hours worked.

53.     As a busboy he ordinarily worked on Saturday from 9:30am to 4pm, and sometimes later.

54.     He continued to work 6 days a week as a delivery driver 3 or more hours a day.

55.     On Saturdays after completing his busboy shift he would begin his shift as a delivery driver.

56. Thus, on Saturdays he worked both jobs and worked from 9:30am to 4 pm as a busboy and then began his delivery shift from 5pm to 8pm, and often later.

57. At all times Plaintiff Patina was paid in cash.

58. At no time did Plaintiff Patina receive a pay statement, wage statement or pay stub, or tip credit notice.

59. At all times Plaintiff Patina received a flat day rate of $20 for his work as a busboy on Saturday for his shifts lasting seven and a half hours.

## PLAINTIFF PERALTA'S INDIVIDUAL NYLL DEDUCTIONS CLAIM

60. Defendants further caused Plaintiff to make payments for their benefit from his wages, in violation of N.Y. Lab. Law §193.

61. The NYLL prohibits employers from making any deductions from an employee's wages except those permitted by law. N.Y. Lab. Law §193.

62. On or about June 20, 2016, Defendants caused Plaintiff to pay them $35,000 to cover business expenses for Defendants' benefit.

63. Plaintiff Peralta received no benefit in return.

64. Plaintiff Peralta made this payment by two checks dated June 20, 2016.

65. NYLL 195-2.1 provides "No employer shall make any charge against wages, or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages under this Part or is permitted or required under any provision of a current collective bargaining agreement."

66. As unlawful deductions from Plaintiff Peralta's wages, Plaintiff is entitled to recover not only the unlawful deduction but also 100% liquidated damages.

67. In the alternative, (1) Defendants were enriched, (2) at Plaintiff Peralta's expense, and (3) it is against equity and good conscience to permit Defendants to retain such monies.

## PLAINTIFFS' NYCHRL CLAIMS

68. Further, Plaintiff Peralta was subjected to a discriminatory termination based on a perceived disability.

69. Plaintiff Peralta took a leave of absence after what would turn out to be his last day working at Saggio Restaurant on or about June 13, 2018, in order to prepare for an eye operation to repair a detached retina scheduled on or about June 18, 2018, which required significant recovery time.

70. Plaintiff Peralta had every expectation of returning to work after his recovery. Plaintiff Peralta was unpaid during this time and received no paid sick days.

71. After approximately one month, Defendant K. Narvilas asked Plaintiff Peralta to return to work. However, Plaintiff Peralta's doctor did not recommend he return to full-time work at this time.

72. When Plaintiff Peralta met with Defendant K. Narvilas in or about early August of 2018, he explained the doctor's recommendation about why he could not yet return to work, to which Defendant K. Narvilas replied "I can't have sick people working here."

73. When Plaintiff Peralta was finally cleared by his doctor for a return to work, he asked for his job back numerous times, but Defendant K. Narvilas refused to hire him.

74. Additionally, named Plaintiffs were subject to disparate work rules, including less access to breaks and sick days due to their perceived immigration status/nationality, than similarly situated colleagues in violation of the NYCHRL.

## FIRST CLAIM FOR RELIEF

**(FLSA Overtime Claim, 29 U.S.C. § 201 *et seq.* Brought by Plaintiffs on Behalf of Themselves)**

75. Plaintiffs, on behalf of themselves, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

76. Throughout the period covered by the applicable statute of limitations and upon information and belief, Plaintiffs regularly worked in excess of forty (40) hours per workweek.

77. At all times relevant, and upon information and belief, Defendants have repeatedly and willfully failed to pay the named Plaintiffs in accordance with the overtime provisions of the FLSA for work performed in excess of forty (40) hours per workweek.

78. Plaintiffs, on behalf of themselves, seek and are entitled to recover damages for their unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

**(New York State Minimum Wage Act - Overtime Claim, NYLL § 650 *et seq.*, Brought by Plaintiffs on Behalf of Themselves)**

79. Throughout the period covered by the applicable statute of limitations and upon information and belief, Defendants willfully and repeatedly failed to pay Plaintiffs at the overtime rate for hours worked in excess of forty (40) hours per workweek as required by NYLL.

80. Plaintiffs seek and are entitled to recover their respective unpaid compensation, damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

81. Plaintiffs have been damaged in an amount as yet determined, plus liquidated damages.

### THIRD CLAIM FOR RELIEF

**(Notice-and-Recordkeeping Requirements, NYLL § 195(3), Brought by Plaintiffs on Behalf of Themselves)**

82. Plaintiffs, on behalf of themselves and those similarly situated, repeat, reiterate, and incorporate each and every preceding paragraph as if set forth fully herein.

83. Defendants have failed to provide Plaintiffs with wage statements or explanations of how their wages were calculated in violation of NYLL § 195(3).

84. Plaintiffs have been damaged in an amount as yet determined, plus liquidated damages.

### FOURTH CLAIM FOR RELIEF

**(Notice-and-Recordkeeping Requirements, NYLL § 195(1), Brought by Plaintiffs on Behalf of Themselves and the Class)**

85. Plaintiffs, on behalf of themselves and those similarly situated, repeat, reiterate, and incorporate each and every preceding paragraph as if set forth fully herein.

86. Defendants have failed to provide Plaintiffs with wage notices as required at the time of hire in violation of NYLL § 195(1).

87. Plaintiffs have been damaged in an amount as yet determined, plus liquidated damages.

### FIFTH CLAIM FOR RELIEF

**(Unlawful Deductions of $35,000 in Violation of NYLL § 193, Brought by Plaintiff Peralta on Behalf of Himself)**

88. Plaintiff Peralta, on behalf of himself repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

89. Defendants required Plaintiff Peralta to pay from his wages, without reimbursement, $35,000 for Defendants' benefit, in violation of N.Y. Lab. Law § 93.

90. Because of Defendants' willful violation of the NYLL, Plaintiff Peralta is entitled to recover from the Defendants, jointly and severally, all monies paid in furtherance of the Defendants' enterprise, plus liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined.

## SIXTH CLAIM FOR RELIEF

**(Unjust Enrichment, on Behalf of Plaintiff Peralta on Behalf of Himself Against All Defendants)**

91. Plaintiff Peralta, on behalf of himself repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

92. Defendants (1) have been enriched by $35,000; (2) at Plaintiff's expense, and (3) it is against equity and good conscience to permit the unjust enrichment.

## SEVENTH CLAIM FOR RELIEF

**(New York City Human Rights Law: Perceived Disability Discrimination Unlawful Discriminatory Practices Brought by Plaintiff Peralta on Behalf of Himself Against All Defendants)**

93. Plaintiff Peralta repeats and realleges all the allegations in this complaint and specifically allegations as if set forth fully herein.

94. Based on those allegations, Defendants discriminated and against Plaintiff on the basis of his disability and/or perceived disability, by failing to accommodate him and failing to engage in an interactive dialogue in response to his request for recovery time and firing him because of his perceived disability.

95. Due to Defendants' violation of the New York City Human Rights Law, Plaintiff is entitled to recover from Defendants damages in a sum to be determined by a jury.

## EIGHTH CLAIM FOR RELIEF

**(New York City Human Rights Law: Perceived National Origin/Immigration Status Discrimination Unlawful Discriminatory Practices Brought by Plaintiffs on Behalf of Himself Against All Defendants)**

96. Plaintiffs repeat and reallege all the allegations in this complaint and specifically allegations as if set forth fully herein.

97. Based on those allegations, Defendants discriminated and against Plaintiffs on the basis of his perceived national origin/ immigration status, by subjecting them to disparate treatment in the form of unequal access to sick pay and disparate work rules.

98. Due to Defendants' violation of the New York City Human Rights Law, Plaintiffs are entitled to recover from Defendants damages in a sum to be determined by a jury.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiffs request relief as follows:

A. An order declaring that Defendants violated the FLSA in the manners stated in this complaint;

B. An order declaring that Defendants' violations of the FLSA were willful;

C. An order declaring that Defendants violated the NYLL in the manners stated in this complaint;

D. An order declaring that Defendants' violations of the NYLL were willful;

E. An award of overtime compensation under the FLSA and NYLL;

F. An award of liquidated damages pursuant to the FLSA;

G. An award of damages for violations of NYLL and Plaintiffs' common law claims;

H. All penalties available under the applicable laws;

I. Attorneys' fees pursuant to 29 U.S.C. § 216, NYLL § 663 and all other applicable statutes;

J. An award of all damages recoverable under New York City Human Rights Law for Plaintiff Peralta.

K. Interest as provided by law; and

L. Such other relief as this Court deems just and proper.

## JURY TRIAL

Plaintiffs demand a jury trial for all causes of action and claims for which they have a right to a jury trial.

Dated: New York, New York
January 22, 2021

Respectfully submitted,

MIRER MAZZOCCHI & JULIEN, PLLC

_____

By: Ria Julien
Attorney for Plaintiffs
One Whitehall Street, 16th Floor
New York, NY 10004
(212) 231-2235
rjulien@mmsjlaw.com